THE HAWAIIAN TRAMWAYS CO, Limited, Plaintiff in Error, *v.* C. V. STURDEVANT, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED DECEMBER 21, 1896.　　　　DECIDED JAN. 26, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A person traveling on the tramcars of the Hawaiian Tramways Co. from a point on King street westerly, leaving the car at the corner of King and Nuuanu streets and taking the Nuuanu street car going northerly, is not required to pay an additional fare of five cents when boarding the second car. The passenger's first place of boarding the car and the place of his destination on Nuuanu street are both within the termini for which the statute allows only a charge of five cents.

OPINION OF THE COURT BY WHITING, J.

On August 12, 1896, in an action by C. V. Sturdevant against the plaintiff in error herein, the District Magistrate rendered judgment for the plaintiff therein for $100.00. The action was to recover the sum of $100.00 being the amount of penalty provided for by Sec. 9, Ch. 34, Laws of 1884, for an overcharge of fare on a car of a street railway operated by the plaintiff in error in Honolulu.

The defendant in error entered a car operated by the plaintiff in error on King Street at a place westerly of the Rifle Range near Punahou Street, traveled thereon westerly as a passenger to the junction of King and Nuuanu Streets and got off the car at that place, and after waiting a short time entered a car running up Nuuanu Street in a northerly direction, this car

being the next one to the one he got off from, to go to his home on Nuuanu Street, the point of his destination.

The cars running on King Street do not make regular connections with those running on Nuuanu Street, but the tracks of the tramway cross each other at right angles.

The errors assigned are:

1. "The plaintiff in said cause failed to prove that he traveled within the points mentioned in Sec. 12, of the Laws of 1884.

2. It appeared in evidence in said cause that the plaintiff knew when he boarded the car that it would not go to the point he wished to travel.

3. That the said Tramways Company is not required by law to transfer passengers from a car on one line to a car on another line without payment of a second fare.

4. It appeared in evidence in said cause that said company was at the time said plaintiff boarded its car, operating a line of cars which traveled to the point to which plaintiff wished to go, and that it would have been just as convenient for said plaintiff to have taken passage on a car running on said line."

The plaintiff in error claims that defendant did not travel on the streets, nor within the points mentioned in Sec. 12 of Chap. 34, Laws of 1884, for which the prescribed fare is five cents. This claim was decided by the two cases of *Dickey v. Hawaiian Tramways Company*, Nos. 3770 and 3771 *ante*, pp. 373 and 387, June Term, 1896, and in the latter case, the corner of Fort and Queen Streets was held to be within the limits for which a fare of five cents only could be charged—and the court says, "The system of the street railway in Honolulu operated by defendant is a general one and all its lines make connections, and, in nearly all, by means of curves, a continuous track or rail is laid so that a continuous trip can be made from point to point within the limits of a five cent fare. The statute does not give the Tramways Company the right to treat any one line as a single road.  *  *  *  *  By a mere change of cars, the company does not become entitled to an additional fare.  A

person traveling on the cars of defendant must make a continuous trip so far as practicable, and this from one point within the limits specified to another point therein."

This latter case, No. 3771, is decisive of the present case. The rate of fare does not depend upon the way the Tramways Company lays out its system of tracks, or runs its cars, or, on what connections it may see fit to make, but it is fixed by the statute granting the franchise. The plaintiff in error was entitled to charge but one fare of five cents in this case.

As to the other assignments of error, we find no error. It is immaterial that Mr. Sturdevant knew when he boarded the car that it would not go to the point he wished to travel, nor that there was another line on Beretania Street, two blocks away from King Street line, but parallel with it, operated by the company on which cars were run in a continuous trip to the point of destination which Sturdevant wished to reach.

There is no error; the writ is dismissed.

*A. G. M. Robertson*, for plaintiff in error.

*Kinney & Ballou*, for defendant in error.